SAMUEL JOHNSON V. MINNIE WIRTH ET AL.

FILED SEPTEMBER 16, 1896.   No. 6788.

Conflicting Evidence: REVIEW: HOTEL: LOSS OF GOODS.  In this case
   the questions presented are with respect to facts determined by
   the jury upon conflicting evidence.  The verdict, being sufficiently
   sustained, cannot be disturbed.

ERROR from the district court of Douglas county.
Tried below before OGDEN, J.

*John Schomp* and *E. C. Wood*, for plaintiff in error.

*C. A. Baldwin, contra.*

RYAN, C.

Plaintiff in error sued the defendants in error for the
value of an overcoat and a pair of gloves lost by the
former while, as he alleged, he was a guest in the hotel
of the defendants in Omaha.   In the district court of
Douglas county there was a verdict and judgment
thereon in favor of the defendants.   There was a sharp
conflict in the evidence as to whether the plaintiff was a
transient guest at the hotel of the defendants or a
boarder for the period of ten days during which he re-
mained.   There was also a controversy as to whether or
not plaintiff was warned not to take his overcoat and
gloves to his room before he did so, and as to whether or
not in express terms he assumed all risks incident to the
course he pursued.   It seems to be conceded by the par-
ties that the theft was committed by a person who was
assigned lodging in the room occupied by the plaintiff.
There was testimony on behalf of the defendants that
plaintiff was very slightly acquainted with this man be-
fore the hotel authorities assigned the place of lodging
to him, and that when plaintiff first stopped at the hotel
he selected a room having two beds with the understand-

ing that one bed might be occupied by a stranger, and that he selected a room of this kind because his board per week would be but $5, whereas if he took a room provided with one bed the weekly rate would be $6. On the other hand plaintiff testified that the man placed in his room was a stranger to him and that permission had been given to put a man in said room only upon condition that the hotel authorities knew such man, and that in fact the man assigned was a stranger to every one about the hotel. On conflicting evidence of this character the jury found for the defendants and its verdict must stand.

Plaintiff, by a deposition taken in Chicago, gave his testimony and was not present at the trial. He now complains that the testimony of each of the defendants was not the same as it was on former trials when he had been present, and that, therefore, there was surprise. The testimony which, if a new trial should be allowed, he proposes to offer is simply cumulative in its nature and contradictory of the statements of the defendants. Ordinarily, the discretion of the district court in refusing to grant a new trial to permit of the introduction of evidence of the character proposed must conclude the matter, and in this case we find no exceptional circumstances presented. There is complaint made that a tailor was not permitted to testify that he was qualified to judge of the value of the overcoat that was lost; that he had seen it, and that from the testimony as to value given by defendants, neither of them could have understood that it was tailor-made and what was its real value. It is perhaps to be regretted that we cannot encourage every effort to eliminate the testimony of alleged experts from the consideration of juries, but this is entirely too radical.

By a motion for a new trial instruction numbered 4 is complained of as given by the court, while in the petition in error the instruction criticised is numbered 3 as given by the court. We can therefore consider neither.

The other instructions complained of are grouped in the motion for a new trial and likewise in the petition in error in such a manner that certain propositions argued cannot be considered. The judgment of the district court is

AFFIRMED.